IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSS FRANCESKI,

       Plaintiff(s),                              09cv0174
                                                              **ELECTRONICALLY FILED**

   v.

UNIVERSITY OF PITTSBURGH MEDICAL
CENTER,

       Defendant(s).

**<u>Memorandum Order on Summary Judgment</u>**

This is an action for employment discrimination. Plaintiff, who was an MRI technologist at the University of Pittsburgh Medical Center (UPMC), filed a four count complaint alleging that defendant discriminated against him on the basis of his sex (count I), his national origin (count II), retaliated against him (count III), and that defendant created a hostile work environment (count IV), in violation of Title VII of the Civil Rights Act of 1964 and 1991 (Title VII) and the Pennsylvania Human Relations Act (PHRA). Defendant has filed a motion for summary judgment (doc. no. 27) on all counts of the complaint, and plaintiff has agreed that summary judgment should be granted as to his claims for hostile work environment, sex discrimination, and national origin discrimination (doc. no. 33). Plaintiff, however, has not agreed that summary judgment is appropriate as to his claims for retaliation (count III) under Title VII and the PHRA.

Fed.R.Civ.P. 56(c) currently provides that on a motion for summary judgment, the "judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." "Rule 56 of the Federal Rules of Civil Procedure 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Summary judgment is appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Woodside v. Sch. Dist. of Philadelphia Bd. of Educ.*, 248 F.3d 129, 130 (3d Cir. 2001), quoting *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).

An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."), citing *Anderson* and *Celotex Corp.* Recently, the United States Supreme Court "emphasized, [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372 (2007) (internal quotations omitted), quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to, draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. *Doe v. County of Centre, PA*, 242 F.3d 437, 446 (3d Cir. 2001); *Woodside*, 248 F.3d at 130; *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 151 (3d Cir. 1999). Further, a court must not engage in credibility determinations at the summary judgment stage. *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998), quoting *Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

It is on this standard that the Court has reviewed defendant's motion, plaintiff's response, and defendant's reply thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the Court concludes, as a matter of law, that there remains a genuine dispute over material facts which precludes summary judgment on plaintiff's claims for retaliation.

Viewing the facts in the light most favorable to plaintiff, as the non-moving party, there exists genuine disputes of material facts as to whether plaintiff engaged in protected activity; and, whether there was a causal connection between plaintiff's participation in the protected activity and the adverse employment action.[1] Further, there exists genuine issues of material fact regarding whether the reasons given by defendant for its termination of plaintiff were pretextual. Specifically, plaintiff has presented evidence from which a reasonable fact finder could disbelieve defendant's stated reasons, could believe that plaintiff was wrongfully terminated for his conduct, and that plaintiff was terminated within a short period of time (approximately one day) after engaging in protected activity, despite the fact that some others who were involved in

---

[1]The parties do not appear to dispute that plaintiff suffered an adverse employment action.

the alleged misconduct were neither questioned nor disciplined for their role in the alleged misconduct.

Accordingly, this 19th day of November, 2009, upon consideration of defendant's motion for summary judgment [document #27], IT IS HEREBY ORDERED that the motion is GRANTED with consent as to counts I, II and IV, and the motion is DENIED as to count III.

      s/ Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge

cc:    All Registered ECF Counsel and Parties