IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROSS FRANCESKI,

      Plaintiff(s),                          09cv0174

                                            **ELECTRONICALLY FILED**

  v.

UNIVERSITY OF PITTSBURGH
MEDICAL CENTER,

      Defendant(s).

## **FINAL JURY INSTRUCTIONS**

**I.    GENERAL INSTRUCTIONS**.

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE

ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.

INITIALLY, WE HAVE GIVEN YOU COPIES OF THE SPECIAL

VERDICT FORM ON WHICH YOU WILL ANSWER SPECIFIC

QUESTIONS. PLEASE TAKE A FEW MINUTES TO READ THE FORM,

AS THE INSTRUCTIONS I AM ABOUT TO GIVE YOU WILL HELP YOU

ANSWER THOSE QUESTIONS.

AS JUDGES OF THE FACTS, IT IS YOUR DUTY TO DETERMINE

FROM THE EVIDENCE WHAT ACTUALLY HAPPENED IN THIS CASE,

APPLYING THE LAW AS I NOW EXPLAIN IT.  YOU MUST CONSIDER

1

MY INSTRUCTIONS AS A WHOLE; DO NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION; AND DO NOT QUESTION THE WISDOM OF ANY RULE OF LAW OR RULE OF EVIDENCE I STATE.  IN OTHER WORDS, DO NOT SUBSTITUTE YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.

IF I HAVE REFERRED TO THE FACTS OR THE PARTIES' CONTENTIONS, IT WAS ONLY TO PLACE THE EVIDENCE AND ARGUMENTS IN PERSPECTIVE.  IF I ASKED ANY QUESTIONS OF ANY WITNESSES OR OF THE ATTORNEYS, IT WAS TO CLARIFY MATTERS I FELT SHOULD HAVE BEEN CLARIFIED, AND NOT IN ANY WAY TO INDICATE THE COURT'S OPINION ABOUT THE FACTS OR THE TESTIMONY OF THE WITNESS.  MY OPINION ABOUT THE FACTS AND THE PARTIES' CONTENTIONS IS NOT IMPORTANT BECAUSE YOU, AND YOU ALONE, ARE THE SOLE FINDERS OF THE FACTS.

## II.   EVIDENCE.

WHAT IS EVIDENCE

I HAVE MENTIONED THE WORD "EVIDENCE."  THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER PHYSICAL ITEMS, IF ANY, RECEIVED AS EXHIBITS, AND ANY FACTS STIPULATED BY THE PARTIES.

EXHIBITS

COUNSEL FOR THE PLAINTIFF AND THE DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS. THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE AND THEREFORE HAVE BEEN ADMITTED FOR YOUR CONSIDERATION.  THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO THE INFERENCES OR CONCLUSIONS THAT YOU SHOULD OR MAY DRAW FROM ANY EXHIBIT.

STIPULATIONS OF FACT ARE FILED

THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN FACTS AS BEING TRUE AND THOSE STIPULATIONS HAVE BEEN PLACED ON THE RECORD IN THIS TRIAL.  YOU MUST TREAT ANY STIPULATIONS OF FACT AS HAVING BEEN PROVED FOR THE PURPOSES OF THIS CASE.

WHAT IS NOT EVIDENCE

THE FOLLOWING THINGS ARE NOT EVIDENCE:

1.  STATEMENTS, ARGUMENTS, QUESTIONS AND COMMENTS BY THE LAWYERS ARE NOT EVIDENCE.

2.  LIKEWISE, OBJECTIONS ARE NOT EVIDENCE.  LAWYERS HAVE EVERY RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY THE OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS WHAT THE ANSWER MIGHT HAVE BEEN.

3.  ANY TESTIMONY THAT I ORDERED STRICKEN FROM THE RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND

4

YOU MUST NOT CONSIDER ANY SUCH MATTER.

4.  ANYTHING YOU SAW OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOU MUST DECIDE THE CASE ONLY ON THE EVIDENCE PRESENTED HERE IN THE COURTROOM. DO NOT LET RUMORS, SUSPICIONS, OR ANYTHING ELSE THAT YOU MAY SEE OR HEAR OUTSIDE OF COURT INFLUENCE YOUR DECISION IN ANY WAY.

EVIDENCE, INFERENCES AND COMMON SENSE

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR COMMON EXPERIENCE, REASON AND COMMON SENSE.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  "DIRECT EVIDENCE" IS THE TESTIMONY OF SOMEONE WHO ASSERTS ACTUAL KNOWLEDGE OF

A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE"

IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES FROM

WHICH YOU MAY INFER THAT SOMETHING EITHER DID OR DID NOT

HAPPEN. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT

TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

IT REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND

BE CONVINCED THAT THE PARTY HAS MET THE BURDEN OF PROOF

BY A PREPONDERANCE OF THE EVIDENCE BEFORE YOU RETURN A

VERDICT FOR THAT PARTY.


### BIAS, SYMPATHY AND PREJUDICE

YOU MAY NOT ALLOW SYMPATHY OR PERSONAL FEELINGS

TO INFLUENCE YOUR DETERMINATION. YOUR DUTY IS TO DECIDE

THE CASE SOLELY ON THE BASIS OF THE EVIDENCE OR LACK OF

EVIDENCE AND THE LAW AS I HAVE INSTRUCTED YOU, WITHOUT

BIAS, PREJUDICE OR SYMPATHY FOR OR AGAINST THE PARTIES

OR THEIR COUNSEL. BOTH THE PARTIES AND THE PUBLIC EXPECT

THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF

THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE

6

COURT, AND REACH A JUST VERDICT REGARDLESS OF THE

CONSEQUENCES.


EQUAL STANDING

YOU SHOULD CONSIDER THIS CASE AS AN ACTION BETWEEN

PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL

WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE.

A CORPORATE ENTITY, SUCH AS UPMC SHADYSIDE HOSPITAL, AND

A PRIVATE INDIVIDUAL ARE BOTH ENTITLED TO THE SAME FAIR

TRIAL AT YOUR HANDS.  THAT IS, ALL PARTIES ARE TO BE DEALT

WITH AS EQUALS IN A COURT OF JUSTICE.


EVIDENCE ADMITTED FOR A LIMITED PURPOSE

IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY

FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL

PURPOSES.  WHENEVER EVIDENCE WAS ADMITTED FOR A LIMITED

PURPOSE, CONSIDER IT ONLY FOR THAT PURPOSE, AND NO

OTHER PURPOSE.

NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY

YOU ARE NOT REQUIRED TO ACCEPT ANY TESTIMONY, EVEN THOUGH THE TESTIMONY IS UNCONTRADICTED AND THE WITNESS IS NOT IMPEACHED.  YOU MAY DECIDE, BECAUSE OF THE WITNESS'S BEARING AND DEMEANOR, BECAUSE OF THE INHERENT IMPROBABILITY OF HIS OR HER TESTIMONY, OR BECAUSE OF OTHER REASONS SUFFICIENT TO YOU, THAT SUCH TESTIMONY IS NOT WORTHY OF BELIEF.

JURORS' NOTES

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE.  NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS.  YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES.  IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF

ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN

RECOLLECTION OF THE EVIDENCE.

### III.   CREDIBILITY OF WITNESSES/ WEIGHT OF TESTIMONY IN GENERAL.

IN GENERAL

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE

10

IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF

THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR

OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE

OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE

AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT

ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY

OTHER EVIDENCE IN THE CASE.

### INCONSISTENCIES OR DISCREPANCIES

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE

TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT WITNESSES,

WHICH MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH

TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT

OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY, AND

INNOCENT MIS-RECOLLECTION, LIKE FAILURE OF RECOLLECTION,

IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT

OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS

TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND

WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR

11

OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, GIVE THE TESTIMONY OF EACH WITNESS THE WEIGHT YOU THINK IT DESERVES.  YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

### FALSE IN ONE, FALSE IN ALL

IF YOU FIND THAT A WITNESS HAS LIED TO YOU IN ANY MATERIAL PORTION OF HIS OR HER TESTIMONY, YOU MAY DISREGARD THAT WITNESS'S TESTIMONY IN ITS ENTIRETY.  I SAY THAT YOU MAY DISREGARD SUCH TESTIMONY, NOT THAT YOU MUST.  HOWEVER, YOU SHOULD CONSIDER WHETHER THE UNTRUE PART OF THE TESTIMONY WAS THE RESULT OF A MISTAKE OR INADVERTENCE, OR WAS, RATHER, WILLFUL AND STATED WITH A DESIGN OR INTENT TO DECEIVE.

### NUMBER OF WITNESSES NOT IMPORTANT

THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EITHER SIDE.  YOU MAY

12

FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES
AS TO ANY FACT IS MORE CREDIBLE THAN THAT OF A LARGER
NUMBER OF WITNESSES TO THE CONTRARY.

<u>DEPOSITIONS - USE AS EVIDENCE</u>

CERTAIN OUT OF COURT TESTIMONY OF WITNESSES HAS
BEEN PRESENTED TO YOU.  SUCH TESTIMONY WAS GIVEN UNDER
OATH PRIOR TO THIS TRIAL, DURING DEPOSITIONS OF THE
WITNESSES. THIS METHOD IS PERMITTED IN ORDER TO SIMPLIFY
THE PRESENTATION OF THE EVIDENCE, AND YOU SHOULD NOT
REGARD EVIDENCE PRESENTED IN THIS WAY AS ANY DIFFERENT
FROM ANY OTHER ORAL TESTIMONY.  YOU MAY ASSESS THE
CREDIBILITY OF WITNESSES WHO HAVE TESTIFIED BY DEPOSITION
IN THE SAME MANNER AS YOU DO  WITNESSES WHO TESTIFY
DIRECTLY IN OPEN COURT.

<u>BURDEN OF PROOF/PREPONDERANCE OF THE EVIDENCE</u>

THE PLAINTIFF HAS THE BURDEN OF PROOF IN THIS CASE TO

PROVE ALL OF THE ELEMENTS OF HIS CLAIMS. THIS IS A CIVIL

CASE AND PLAINTIFF'S BURDEN I AM TALKING ABOUT IS THE

BURDEN TO ESTABLISH EACH ELEMENT OF THE CLAIM BY A

PREPONDERANCE OF THE EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE MEANS SUCH

EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT

OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES

IN YOUR MINDS THE BELIEF THAT WHAT IS SOUGHT TO BE PROVED

IS MORE LIKELY TRUE THAN NOT TRUE. THIS RULE DOES NOT, OF

COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY,

BECAUSE ABSOLUTE CERTAINTY IS SELDOM IF EVER POSSIBLE.

WHEN YOU GO INTO THE JURY ROOM, IMAGINE THAT YOU HAVE

ON THE TABLE THE SCALES OF JUSTICE, ON WHICH TWO TRAYS

ARE HANGING EVENLY IN BALANCE.  NOW LABEL THE RIGHT HAND

TRAY "PLAINTIFF'S TRAY" AND PUT ONTO THAT TRAY ALL OF THE

EVIDENCE ON A PARTICULAR CLAIM WHICH YOU FEEL FAVORS

PLAINTIFF, GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU

14

BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE.

NEXT PLACE ON "DEFENDANT'S TRAY" ALL OF THE EVIDENCE IN THE CASE THAT FAVORS DEFENDANT'S SIDE OF THAT CLAIM, AGAIN GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE. THE WEIGHT OF THE EVIDENCE IS NOT THE NUMBER OF PERSONS TESTIFYING AGAINST EITHER PARTY, RATHER IT IS THE QUALITY OF THE TESTIMONY GIVEN.  FOR EXAMPLE, ONE PERSON WHO SAW AN EVENT AND TESTIFIED ACCURATELY AS TO WHAT WAS SEEN MAY HAVE THE SAME WEIGHT AS TEN PERSONS TESTIFYING TO THE SAME EVENT ON THE OTHER SIDE. THEN, IF PLAINTIFF'S TRAY GOES DOWN, IN OTHER WORDS, IF PLAINTIFF'S TRAY OUTWEIGHS DEFENDANT'S EVIDENCE, PLAINTIFF HAS SUSTAINED HIS BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE AND YOUR VERDICT SHOULD BE FOR PLAINTIFF AND AGAINST DEFENDANT ON THAT CLAIM.

## DEFENDANT'S STATUS DOES NOT INFER LIABILITY

SIMPLY BECAUSE A DEFENDANT IS SUED DOES NOT MEAN THAT THE DEFENDANT IS LIABLE.  ANYONE CAN FILE A LAWSUIT OR A DISCRIMINATION CHARGE.  THE FACT THAT THE PLAINTIFF HAS FILED THIS LAWSUIT DOES NOT, IN ITSELF, MEAN THAT THE DEFENDANT HAS DONE ANYTHING THAT THE LAW PROHIBITS. THAT IS FOR YOU TO DECIDE ON THE BASIS OF THE EVIDENCE.

## IV.    SUBSTANTIVE LAW

IN THIS CASE, PLAINTIFF, ROSS FRANCESKI, ASSERTS LEGAL

CLAIMS AGAINST DEFENDANT, UNIVERSITY OF PITTSBURGH

MEDICAL CENTER, HIS FORMER EMPLOYER, OF WHOM I WILL

REFER TO IN THESE INSTRUCTIONS AS UPMC SHADYSIDE

HOSPITAL.  PLAINTIFF ASSERTS CLAIMS OF RETALIATION FOR

HAVING ENGAGED IN PROTECTED ACTIVITY.  I WILL NOW

INSTRUCT YOU MORE FULLY ON PLAINTIFF'S CLAIM.


### NATURE OF THE CLAIM – RETALIATION

IN THIS CASE, PLAINTIFF  CLAIMS THAT UPMC SHADYSIDE

HOSPITAL RETALIATED AGAINST HIM BY TERMINATING HIS

EMPLOYMENT IN OCTOBER 2007.  PLAINTIFF CLAIMS THAT UPMC

SHADYSIDE HOSPITAL DID THIS BECAUSE HE ENGAGED IN

"PROTECTED ACTIVITY."  SPECIFICALLY, PLAINTIFF CLAIMS THAT

HE WAS TERMINATED FOR EXERCISING HIS RIGHT TO COMPLAIN

ABOUT UNLAWFUL DISCRIMINATORY CONDUCT IN HIS

WORKPLACE.

UPMC SHADYSIDE HOSPITAL DENIES THAT PLAINTIFF WAS

17

RETALIATED AGAINST IN ANY WAY AND HAS PRESENTED

EVIDENCE OF THE BUSINESS REASONS FOR PLAINTIFF'S

DISCHARGE.

I WILL NOW INSTRUCT YOU MORE FULLY ON THE ISSUES YOU

MUST ADDRESS WITH RESPECT TO PLAINTIFF'S RETALIATION

CLAIM.


### ELEMENTS OF PLAINTIFF'S RETALIATION CLAIMS

PLAINTIFF CLAIMS THAT, WHEN UPMC SHADYSIDE HOSPITAL

DISCHARGED HIM, THE HOSPITAL WAS RETALIATING AGAINST HIM

FOR HAVING ENGAGED IN "PROTECTED ACTIVITY."

PLAINTIFF'S OVERALL BURDEN IS TO PROVE THAT A

RETALIATORY MOTIVE WAS A DETERMINATIVE FACTOR IN THE

DECISION TO TERMINATE HIS EMPLOYMENT.  TO PREVAIL ON HIS

CLAIM OF RETALIATION, PLAINTIFF MUST INITIALLY PROVE A *PRIMA

FACIE* CASE, WHICH MEANS THAT HE MUST PROVE ALL OF THE

FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

FIRST: THAT HE ENGAGED IN PROTECTED ACTIVITY, WHICH

MEANS, IN THIS CASE, THAT HE OPPOSED A PRACTICE MADE

18

UNLAWFUL UNDER FEDERAL OR STATE LAW, SUCH AS MAKING A

COMPLAINT OF SEXUAL HARASSMENT OR HOSTILE WORK

ENVIRONMENT.

SECOND:  THAT HE WAS SUBJECT TO A MATERIALLY

ADVERSE ACTION AT THE TIME, OR AFTER, THE PROTECTED

ACTIVITY TOOK PLACE.

THIRD:  THERE IS A CAUSAL CONNECTION BETWEEN HIS

DISCHARGE AND HIS PROTECTED ACTIVITY.


**PROTECTED ACTIVITY**

PROTECTED ACTIVITY UNDER TITLE VII AND THE

PENNSYLVANIA HUMAN RIGHTS ACT (PHRA) MEANS, IN THIS CASE,

THAT PLAINTIFF COMMUNICATED OPPOSITION TO A PRACTICE

THAT VIOLATED TITLE VII OR THE PHRA, OR THAT HE REASONABLY

BELIEVED VIOLATED TITLE VII OR THE PHRA.  A COMPLAINT WHICH

DOES NOT REFER TO UNLAWFUL DISCRIMINATION DIRECTLY OR

BY CLEAR INFERENCE DOES NOT CONSTITUTE PROTECTED

ACTIVITY.  THUS, IN ORDER FOR PLAINTIFF TO ESTABLISH THAT HE

ENGAGED IN A PROTECTED ACTIVITY, WHICH IS ONE OF THE

19

ELEMENTS OF HIS RETALIATION CLAIM, HE MUST PROVE THAT HE
COMPLAINED TO THE UPMC SHADYSIDE HOSPITAL ABOUT
CONDUCT THAT HE REASONABLY BELIEVED WAS IN VIOLATION OF
THE LAW.

TO RECOVER FOR RETALIATION, PLAINTIFF MUST
THEREFORE SHOW THAT, WHEN HE MADE HIS COMPLAINT, HE
WAS ACTING UNDER A GOOD FAITH, REASONABLE BELIEF THAT A
VIOLATION OF TITLE VII OR THE PHRA EXISTED.  PLAINTIFF NEED
NOT PROVE THE MERITS OF THE UNDERLYING DISCRIMINATION
COMPLAINT.  HOWEVER, HE MUST PROVE THAT HE SUBJECTIVELY
BELIEVED THAT UPMC SHADYSIDE HOSPITAL WAS ENGAGED IN
UNLAWFUL EMPLOYMENT PRACTICES *AND* THAT HIS BELIEF WAS
OBJECTIVELY REASONABLE IN LIGHT OF THE FACTS AND RECORD
PRESENTED.  IT IS NOT ENOUGH FOR PLAINTIFF TO ALLEGE THAT
HIS BELIEF IN THIS REGARD WAS HONEST AND BONA FIDE.
RATHER, THE ALLEGATIONS AND RECORD MUST INDICATE
PLAINTIFF'S BELIEF, ALTHOUGH PERHAPS MISTAKEN, WAS
OBJECTIVELY REASONABLE.

## CAUSATION

TO RECOVER FOR RETALIATION, PLAINTIFF MUST ALSO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THERE IS A "CAUSAL CONNECTION" BETWEEN HIS PROTECTED ACTIVITY AND UPMC SHADYSIDE HOSPITAL'S DECISION TO DISCHARGE HIM. THE NECESSARY CAUSAL CONNECTION MAY BE SHOWN IN MANY WAYS.  FOR EXAMPLE, YOU MAY OR MAY NOT FIND THAT THERE IS A SUFFICIENT CONNECTION THROUGH TIMING, THAT IS THAT UPMC SHADYSIDE HOSPITAL'S ACTION OF DISCHARGING PLAINTIFF FOLLOWED SHORTLY AFTER IT BECAME AWARE OF PLAINTIFF'S COMPLAINT.  CAUSATION IS, HOWEVER, NOT NECESSARILY RULED OUT BY A MORE EXTENDED PASSAGE OF TIME.  CAUSATION MAY OR MAY NOT BE PROVEN BY ANTAGONISM SHOWN TOWARD PLAINTIFF OR A CHANGE IN DEMEANOR TOWARD PLAINTIFF.

ULTIMATELY, YOU MUST DECIDE WHETHER PLAINTIFF'S OPPOSITION HAD A DETERMINATIVE EFFECT ON UPMC SHADYSIDE HOSPITAL'S DECISION TO DISCHARGE HIM.  "DETERMINATIVE EFFECT" MEANS THAT, IF NOT FOR PLAINTIFF'S OPPOSITION TO

21

PRACTICES HE BELIEVED WERE UNLAWFUL, UPMC SHADYSIDE
HOSPITAL WOULD NOT HAVE DISCHARGED HIM IN OCTOBER 2007.

### PRETEXT

IF PLAINTIFF ESTABLISHES EACH ELEMENT OF HIS CLAIM OF
RETALIATION, THEN UPMC SHADYSIDE HOSPITAL MUST
ARTICULATE A LEGITIMATE NON-RETALIATORY REASON FOR ITS
DECISION TO DISCHARGE PLAINTIFF.  UPMC SHADYSIDE HOSPITAL
HAS ARTICULATED A NON-RETALIATORY REASON FOR
DISCHARGING PLAINTIFF, NAMELY, HIS CONDUCT ON SEPTEMBER
26, 2007.   PLAINTIFF MAY STILL PREVAIL, HOWEVER, IF HE PROVES
THAT UPMC SHADYSIDE HOSPITAL'S GIVEN REASON FOR
DISCHARGING HIM WAS A PRETEXT – WHICH MEANS THE GIVEN
REASON IS FALSE OR MADE-UP.

PLAINTIFF MAY SHOW PRETEXT BY PROVING THAT A
RETALIATORY MOTIVE MORE LIKELY MOTIVATED UPMC SHADYSIDE
HOSPITAL OR BY SHOWING THAT UPMC SHADYSIDE HOSPITAL'S
EXPLANATION IS UNWORTHY OF BELIEF.  WITH RESPECT TO
PLAINTIFF'S RETALIATION CLAIM, THIS MEANS THAT PLAINTIFF

22

MUST DEMONSTRATE, BY A PREPONDERANCE OF THE EVIDENCE,

THAT BUT FOR THE FACT HE ENGAGED IN A PROTECTED ACTIVITY,

*I.E.*, OPPOSED WHAT HE BELIEVED TO BE SEXUAL HARASSMENT

OR HARASSMENT BASED UPON GENDER AND/OR NATIONAL

ORIGIN, UPMC SHADYSIDE HOSPITAL WOULD NOT HAVE

DISCHARGED HIM.  AT ALL TIMES, THE BURDEN OF PROOF IS ON

PLAINTIFF TO SHOW THAT HIS PROTECTED ACTIVITY PLAYED A

ROLE IN UPMC SHADYSIDE HOSPITAL'S DECISION-MAKING

PROCESS AND THAT IT HAD A DETERMINATIVE EFFECT ON THE

OUTCOME OF THE PROCESS.

### **BUSINESS JUDGMENT**

TO DISCREDIT THE DEFENDANT'S EXPLANATIONS FOR ITS

ACTIONS, PLAINTIFF CANNOT SIMPLY SHOW THAT UPMC

SHADYSIDE HOSPITAL'S DECISIONS WERE WRONG OR MISTAKEN,

BECAUSE THE ISSUE IS WHETHER UNLAWFUL RETALIATION

MOTIVATED UPMC SHADYSIDE HOSPITAL, NOT WHETHER UPMC

SHADYSIDE HOSPITAL'S DECISIONS WERE WISE, SHREWD,

PRUDENT, OR COMPETENT.  YOU MAY NOT SUBSTITUTE YOUR

JUDGMENT FOR UPMC SHADYSIDE HOSPITAL'S JUDGMENT ON BUSINESS MATTERS.  AN EMPLOYER IS ENTITLED TO MAKE AN EMPLOYMENT DECISION FOR A GOOD REASON, A BAD REASON OR FOR NO REASON AT ALL, SO LONG AS THE DECISION IS NOT MOTIVATED BY AN UNLAWFUL INTENT TO RETALIATE.

### <u>EFFECT OF INSTRUCTIONS AS TO DAMAGES</u>

IF, AFTER CONSIDERING THE EVIDENCE, YOU FIND THAT UPMC SHADYSIDE HOSPITAL RETALIATED AGAINST PLAINTIFF BECAUSE HE ENGAGED IN PROTECTED ACTIVITY WHEN IT DISCHARGED HIM IN OCTOBER 2007, THEN YOU MUST DETERMINE WHAT DAMAGES PLAINTIFF IS TO BE AWARDED.  THE FACT THAT I WILL INSTRUCT YOU AS TO THE PROPER MEASURES OF DAMAGES SHOULD NOT BE CONSIDERED AS A SUGGESTION THAT YOU SHOULD FIND IN FAVOR OF PLAINTIFF.  IF YOU FIND IN FAVOR OF UPMC SHADYSIDE HOSPITAL, YOU WILL NOT NEED TO CONSIDER DAMAGES.  INSTRUCTIONS ON DAMAGES ARE GIVEN FOR YOUR GUIDANCE, IN THE EVENT THAT YOU FIND IN FAVOR OF PLAINTIFF FROM A PREPONDERANCE OF THE EVIDENCE IN ACCORDANCE

WITH THE OTHER INSTRUCTIONS GIVEN TO YOU PREVIOUSLY.

### COMPENSATORY DAMAGES

IF, AFTER CONSIDERING THE EVIDENCE, YOU FIND THAT
UPMC SHADYSIDE HOSPITAL RETALIATED AGAINST PLAINTIFF
BECAUSE HE ENGAGED IN  PROTECTED ACTIVITY, THEN YOU MUST
ALSO CONSIDER THE ISSUE OF COMPENSATORY DAMAGES.  YOU
MUST AWARD PLAINTIFF AN AMOUNT THAT WILL FAIRLY
COMPENSATE HIM FOR ANY INJURY HE ACTUALLY SUSTAINED AS A
RESULT OF THE UPMC SHADYSIDE HOSPITAL'S UNLAWFUL
CONDUCT.  THE DAMAGES THAT YOU AWARD MUST BE FAIR
COMPENSATION, NO MORE AND NO LESS.  THE AWARD OF
COMPENSATORY DAMAGES IS MEANT TO PUT THE PLAINTIFF IN
THE POSITION HE WOULD HAVE OCCUPIED IF THE RETALIATION
HAD NOT OCCURRED.  PLAINTIFF HAS THE BURDEN OF PROVING
DAMAGES BY A PREPONDERANCE OF THE EVIDENCE.

PLAINTIFF MUST SHOW THAT THE INJURY HE ALLEGES
WOULD NOT HAVE OCCURRED WITHOUT UPMC SHADYSIDE
HOSPITAL'S CONDUCT.  PLAINTIFF MUST ALSO SHOW THAT UPMC

SHADYSIDE HOSPITAL'S CONDUCT PLAYED A SUBSTANTIAL PART
IN BRINGING ABOUT THE INJURY, AND THAT THE INJURY WAS
EITHER A DIRECT RESULT OR A REASONABLY PROBABLE
CONSEQUENCE OF THE UPMC SHADYSIDE HOSPITAL'S CONDUCT.
THIS TEST – A SUBSTANTIAL PART IN BRINGING ABOUT THE INJURY
– IS TO BE DISTINGUISHED FROM THE TEST YOU MUST EMPLOY IN
DETERMINING WHETHER UPMC SHADYSIDE HOSPITAL'S ACTIONS
WERE MOTIVATED BY AN INTENT TO RETALIATE.  IN OTHER
WORDS, EVEN ASSUMING THAT UPMC SHADYSIDE HOSPITAL'S
ACTIONS WERE MOTIVATED BY AN INTENT TO RETALIATE,
PLAINTIFF IS NOT ENTITLED TO DAMAGES FOR AN INJURY UNLESS
UPMC SHADYSIDE HOSPITAL'S RETALIATORY ACTIONS ACTUALLY
PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT THAT INJURY.

IN DETERMINING THE AMOUNT OF ANY COMPENSATORY
DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED
BY COMMON SENSE.  YOU MUST USE SOUND JUDGMENT IN FIXING
AN AWARD OF COMPENSATORY DAMAGES, DRAWING
REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE.  YOU
MAY NOT AWARD DAMAGES BASED ON SYMPATHY, SPECULATION,

26

OR GUESSWORK.

IF YOU FIND THAT THE UPMC SHADYSIDE HOSPITAL

RETALIATED AGAINST PLAINTIFF, YOU MAY AWARD HIM DAMAGES

FOR ANY PAIN, SUFFERING, OR MENTAL ANGUISH THAT HE

EXPERIENCED AS A CONSEQUENCE OF UPMC SHADYSIDE

HOSPITAL'S UNLAWFUL CONDUCT.  NO EVIDENCE OF THE

MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND

SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO

EVIDENCE.  THERE IS NO EXACT STANDARD FOR FIXING THE

COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF

DAMAGE.  ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF

THE EVIDENCE PRESENTED AT THE TRIAL.

I INSTRUCT YOU THAT IN AWARDING COMPENSATORY

DAMAGES, YOU ARE NOT TO AWARD DAMAGES FOR THE AMOUNT

OF WAGES THAT PLAINTIFF WOULD HAVE EARNED, EITHER IN THE

PAST OR IN THE FUTURE, IF HE HAD CONTINUED IN EMPLOYMENT

WITH UPMC SHADYSIDE HOSPITAL.  THESE ELEMENTS OF

RECOVERY OF WAGES THAT PLAINTIFF WOULD HAVE RECEIVED

FROM UPMC SHADYSIDE HOSPITAL ARE CALLED "BACK PAY" AND

"FRONT PAY."  YOU, THE JURY, WILL ALSO DETERMINE THE

AMOUNT OF "BACK PAY," AND THE AMOUNT OF "FRONT PAY," IF

ANY, TO BE AWARDED, BUT "BACK PAY" AND "FRONT PAY" ARE TO

BE AWARDED SEPARATELY UNDER INSTRUCTIONS THAT I WILL

SOON GIVE YOU, AND ANY AMOUNTS FOR "BACK PAY" AND "FRONT

PAY" ARE TO BE ENTERED SEPARATELY ON THE VERDICT FORM.

AS I INSTRUCTED YOU PREVIOUSLY, PLAINTIFF HAS THE

BURDEN OF PROVING DAMAGES BY A PREPONDERANCE OF THE

EVIDENCE.  BUT THE LAW DOES NOT REQUIRE THAT A PLAINTIFF

PROVE THE AMOUNT OF LOSSES WITH MATHEMATICAL PRECISION;

IT REQUIRES ONLY AS MUCH DEFINITENESS AND ACCURACY AS

CIRCUMSTANCES PERMIT.


**BACK PAY**

IF, AFTER CONSIDERATION OF THE EVIDENCE, YOU FIND

THAT UPMC SHADYSIDE HOSPITAL RETALIATED AGAINST HIM

BECAUSE HE ENGAGED IN A PROTECTED ACTIVITY, THEN YOU

MUST DETERMINE THE AMOUNT OF LOST WAGES THAT UPMC

SHADYSIDE HOSPITAL'S ACTIONS HAVE CAUSED PLAINTIFF.

28

PLAINTIFF HAS THE BURDEN OF PROVING DAMAGES BY A
PREPONDERANCE OF THE EVIDENCE.  YOU MAY AWARD AS
ACTUAL DAMAGES AN AMOUNT THAT REASONABLY COMPENSATES
PLAINTIFF FOR ANY LOST WAGES, TAKING INTO CONSIDERATION
ANY INCREASES IN PAY THAT PLAINTIFF WOULD HAVE RECEIVED
HAD HE NOT BEEN THE SUBJECT OF INTENTIONAL RETALIATION.

BACK PAY DAMAGES, IF ANY, APPLY FROM THE TIME
PLAINTIFF WAS UNLAWFULLY TERMINATED UNTIL THE DATE OF
YOUR VERDICT.

IF YOU AWARD BACK PAY, YOU ARE INSTRUCTED TO DEDUCT
FROM THE BACK PAY FIGURE WHATEVER WAGES PLAINTIFF HAS
OBTAINED, OR REASONABLY COULD HAVE OBTAINED, FROM
OTHER EMPLOYMENT DURING THIS PERIOD.


**FRONT PAY**

YOU MAY DETERMINE SEPARATELY A MONETARY AMOUNT
EQUAL TO THE PRESENT VALUE OF ANY FUTURE WAGES AND
BENEFITS THAT PLAINTIFF WOULD REASONABLY HAVE EARNED
FROM UPMC SHADYSIDE HOSPITAL HAD UPMC SHADYSIDE

29

HOSPITAL NOT DISCHARGED HIM FOR THE PERIOD OF TIME FROM

THE DATE OF YOUR VERDICT THROUGH A REASONABLE PERIOD

OF TIME IN THE FUTURE.  FROM THIS FIGURE YOU MUST

SUBTRACT THE AMOUNT OF EARNINGS AND BENEFITS PLAINTIFF

WILL RECEIVE FROM OTHER EMPLOYMENT DURING THAT TIME.

PLAINTIFF HAS THE BURDEN OF PROVING THESE DAMAGES BY A

PREPONDERANCE OF THE EVIDENCE.

IF YOU FIND THAT PLAINTIFF IS ENTITLED TO RECOVER FOR

FUTURE EARNINGS FROM THE UPMC SHADYSIDE HOSPITAL, THEN

YOU MUST REDUCE ANY AWARD TO ITS PRESENT VALUE BY

CONSIDERING THE INTEREST THAT PLAINTIFF COULD EARN ON

THE AMOUNT ON THE AWARD IF HE MADE A RELATIVELY RISK-

FREE INVESTMENT.  YOU MUST MAKE THIS REDUCTION BECAUSE

AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF

EARNINGS IS MORE VALUABLE TO PLAINTIFF IF HE RECEIVES IT

TODAY THAN IF IT WERE RECEIVED AT THE TIME IN THE FUTURE

WHEN IT WOULD HAVE BEEN EARNED.  IT IS MORE VALUABLE

BECAUSE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD

OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE

WOULD HAVE EARNED THE MONEY.  SO, YOU SHOULD DECREASE

THE AMOUNT OF ANY AWARD FOR LOSS OF FUTURE EARNINGS BY

THE AMOUNT OF INTEREST THAT PLAINTIFF CAN EARN ON THAT

AMOUNT IN THE FUTURE.


### PUNITIVE DAMAGES

PLAINTIFF CLAIMS THE ACTS OF THE WERE DONE WITH

MALICE OR RECKLESS INDIFFERENCE TO HIS FEDERALLY

PROTECTED RIGHTS AND THAT AS A RESULT THERE SHOULD BE

AN AWARD OF WHAT ARE CALLED "PUNITIVE" DAMAGES.  A JURY

MAY AWARD PUNITIVE DAMAGES TO PUNISH A DEFENDANT, OR TO

DETER THE DEFENDANT AND OTHERS LIKE THE DEFENDANT FROM

COMMITTING SUCH CONDUCT IN THE FUTURE.

AN AWARD OF PUNITIVE DAMAGES IS PERMISSIBLE IN THIS

CASE ONLY IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE

THAT THOSE RESPONSIBLE FOR DISCHARGING PLAINTIFF,

PERSONALLY ACTED WITH MALICE OR RECKLESS INDIFFERENCE

TO PLAINTIFF'S FEDERALLY PROTECTED RIGHTS.  AN ACTION IS

WITH MALICE IF A PERSON KNOWS THAT IT VIOLATES THE

31

FEDERAL LAW PROHIBITING DISCRIMINATION AND DOES IT

ANYWAY.  AN ACTION IS WITH RECKLESS INDIFFERENCE IF TAKEN

WITH KNOWLEDGE THAT IT MAY VIOLATE THE LAW.

BUT, EVEN IF YOU MAKE A FINDING THAT THERE HAS BEEN

AN ACT OF DISCRIMINATION UNDERTAKEN WITH MALICE OR

RECKLESS DISREGARD OF PLAINTIFF'S FEDERAL RIGHTS, YOU

CANNOT AWARD PUNITIVE DAMAGES IF UPMC SHADYSIDE

HOSPITAL PROVES BY A PREPONDERANCE OF THE EVIDENCE

THAT IT MADE A GOOD FAITH ATTEMPT TO COMPLY WITH THE LAW,

BY ADOPTING POLICIES AND PROCEDURES DESIGNED TO

PREVENT UNLAWFUL DISCRIMINATION SUCH AS THAT ALLEGED BY

PLAINTIFF.

AN AWARD OF PUNITIVE DAMAGES IS DISCRETIONARY; THAT

IS, IF YOU FIND THAT THE LEGAL REQUIREMENTS FOR PUNITIVE

DAMAGES ARE SATISFIED AND THAT UPMC SHADYSIDE HOSPITAL

HAS NOT PROVED THAT IT MADE A GOOD-FAITH ATTEMPT TO

COMPLY WITH THE LAW, THEN YOU MAY DECIDE TO AWARD

PUNITIVE DAMAGES, OR YOU MAY DECIDE NOT TO AWARD THEM.  I

WILL NOW DISCUSS SOME CONSIDERATIONS THAT SHOULD GUIDE

32

YOUR EXERCISE OF THIS DISCRETION.

IF YOU HAVE FOUND THE ELEMENTS PERMITTING PUNITIVE DAMAGES, AS DISCUSSED IN THIS INSTRUCTION, THEN YOU SHOULD CONSIDER THE PURPOSES OF PUNITIVE DAMAGES.  THE PURPOSES OF PUNITIVE DAMAGES ARE TO PUNISH A DEFENDANT FOR MALICIOUS OR RECKLESS DISREGARD OF FEDERAL RIGHTS, OR TO DETER A DEFENDANT AND OTHERS LIKE THE DEFENDANT FROM DOING SIMILAR THINGS IN THE FUTURE, OR BOTH.  THUS, YOU MAY CONSIDER WHETHER TO AWARD PUNITIVE DAMAGES TO PUNISH UPMC SHADYSIDE HOSPITAL.  YOU SHOULD ALSO CONSIDER WHETHER ACTUAL DAMAGES STANDING ALONE ARE SUFFICIENT TO DETER OR PREVENT UPMC SHADYSIDE HOSPITAL FROM AGAIN PERFORMING ANY WRONGFUL ACTS IT MAY HAVE PERFORMED.  FINALLY, YOU SHOULD CONSIDER WHETHER AN AWARD OF PUNITIVE DAMAGES IN THIS CASE IS LIKELY TO DETER OTHERS FROM PERFORMING WRONGFUL ACTS SIMILAR TO THOSE UPMC SHADYSIDE HOSPITAL MAY HAVE COMMITTED.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THEN YOU SHOULD ALSO CONSIDER THE PURPOSES OF PUNITIVE DAMAGES

33

IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES TO AWARD.

THAT IS, IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES, YOU

SHOULD CONSIDER THE DEGREE TO WHICH THE UPMC

SHADYSIDE HOSPITAL SHOULD BE PUNISHED FOR ITS WRONGFUL

CONDUCT, AND THE DEGREE TO WHICH AN AWARD OF ONE SUM

OR ANOTHER WILL DETER THE UPMC SHADYSIDE HOSPITAL OR

OTHERS FROM COMMITTING SIMILAR WRONGFUL ACTS IN THE

FUTURE.

### V.   PROCESS OF JURY DELIBERATION

YOUR VERDICT MUST REPRESENT THE CONSIDERED

JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT

IS NECESSARY THAT EACH JUROR AGREE.  IN OTHER WORDS,

YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE

ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN

AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO

INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE

FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION

34

OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

35

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.

THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.

THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

36

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE.  SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING BEFORE RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON'T TAKE IT PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU HAVE REVIEWED A COPY.  YOU WILL TAKE THE ORIGINAL VERDICT FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR FOREPERSON DATE IT, AND THEN SIGNAL THE BAILIFF THAT YOU ARE PREPARED TO RETURN TO THE

37

COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE
INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO
COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR
MESSAGE OR QUESTION TO WRITING SIGNED BY THE
FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO WILL
BRING IT TO MY ATTENTION.  AFTER CONSULTING WITH THE
LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE,
EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE
COURTROOM SO THAT I CAN ADDRESS YOU ORALLY.  I CAUTION
YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION
YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY
YOUR NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN
THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT
PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR
HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND.
WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE

DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT  TO  BE TAKEN BY

THE BAILIFF THAT HE TOO, AS WELL AS ALL OTHER PERSONS, ARE

FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY

MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS

OF THE CASE.

[SWEAR BAILIFF AND SEND JURY OUT].